UNITED STATES DISTRICT COURT
EASTERN DISTIC OF MICHIGAN
SOUTHERN DIVISION

DENNIS SPITERI,

                  Plaintiff,          Civil Action No.: 14-14140
                                        Honorable Laurie J. Michelson
                  v.              Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                  Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 15, 17]**

      Plaintiff Dennis Spiteri appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying his application

for Disability Insurance Benefits ("DIB") under the Social Security Act (the

"Act").  Both parties have filed summary judgment motions, referred to this

Court for a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B).  The Court finds that the Administrative Law Judge ("ALJ") did

not err in relying on vocational expert ("VE") testimony to determine the

number of jobs Spiteri could perform, or in declining to apply the Medical

Vocational Guidelines to his case.  For these reasons, the Court

**RECOMMENDS** that:

- the Commissioner's motion **[R. 17]** be **GRANTED**;

- Spiteri's motion **[R. 15]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Claimant's Background and Claimed Disabilities

At the time of the ALJ's decision, Spiteri was a fifty-four-year-old high school graduate who had previously worked as a delivery driver.  He was still working part-time rehabilitating houses and renting them out.  He alleged disability as a result of knee and shoulder pain and carpal tunnel syndrome.

### B.    Procedural History

Spiteri filed an application for DIB, originally alleging disability as of October 1, 2009.  [R. 12-5, Tr. 143-49].  The claim was denied initially, and Spiteri filed a timely request for an administrative hearing, held on March 12, 2013, at which both Spiteri and a VE testified.  [R. 12-2, Tr. 31-70; R. 12-4, Tr. 81-85, 89-90].  Subsequent to the hearing, Spiteri amended his alleged onset date to March 16, 2011.  [R. 12-5, Tr. 176].  In a May 14, 2013 written decision, the ALJ found Spiteri not disabled.  [R. 12-2, Tr. 13-30].  The Appeals Council denied review, making the ALJ's decision the

2

final decision of the Commissioner.  [*Id.*, Tr. 1-6].  Spiteri timely filed for judicial review.  [R. 1].

### C.    The ALJ's Application of the Disability Framework

DIB is available for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).

claimant will be found disabled. *Id.* If the fourth step is reached, the

Commissioner considers its assessment of the claimant's residual

functional capacity ("RFC"), and will find the claimant not disabled if he or

she can still do past relevant work. *Id.* At the final step, the Commissioner

reviews the claimant's RFC, age, education and work experiences, and

determines whether the claimant could adjust to other work. *Id.* The

claimant bears the burden of proof throughout the first four steps, but the

burden shifts to the Commissioner if the fifth step is reached. *Preslar v.

Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Spiteri was not

disabled. At step one, the ALJ found that Spiteri had not engaged in

substantial gainful activity since his amended alleged onset date. [R. 12-2,

Tr. 18]. At step two, he identified severe impairments of bilateral hand and

knee arthritis, left rotator cuff tear, bilateral carpal tunnel syndrome, obesity,

status post gastric bypass and diabetes mellitus. [*Id.*]. At step three, the

ALJ determined that none of Spiteri's impairments, either alone or in

combination, met or medically equaled a listed impairment, specifically

comparing them to the relevant listings. [*Id.*, Tr. 18-19].

Next the ALJ assessed Spiteri's residual functional capacity ("RFC"),

finding him capable of light work with a limitation to no more than four hours

4

of standing and/or walking and the ability to alternate between standing and walking every twenty minutes, only occasional use of ramps or stairs, and no use of ladders, ropes or scaffolds.  [*Id.*, Tr. 19].  In addition, Spiteri was limited to only occasional stooping, kneeling, crouching, or crawling; only occasional use of his upper extremities for reaching or lifting, with no overhead reaching; and only occasional handling and fingering with the dominant (right) upper extremity.  [*Id.*].

Based on this RFC, the ALJ concluded that Spiteri could not return to his past relevant work as a delivery driver.  [*Id.*, Tr. 23].  However, at step five, the ALJ determined, with the assistance of VE testimony, that there were a significant number of jobs a hypothetical claimant matching Spiteri's profile could perform, including the job of counter sales clerk, of which there were 2,000 jobs in the region and 200,000 jobs nationally.  [*Id.*, Tr. 24].  In light of this, the ALJ concluded Spiteri was not disabled.  [*Id.*, Tr. 25].

## II.    STANDARD OF REVIEW

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

With these standards in mind, this Court finds that the ALJ's determination that Spiteri is not disabled is supported by substantial evidence.

## III.   ANALYSIS

Spiteri's brief alleges numerous errors in the ALJ's decision, but some are patently without merit.  For example, she seriously misrepresents the ALJ's decision by claiming that the she did not mention Spiteri's subjective complaints, and by alleging that the ALJ violated the treating source rule when in fact there was actually no treating source statement in

6

the record.   [R. 15, PgID 795-98].  Further, these and other arguments are barely supported by reference to record evidence, if at all; Spiteri never once cites to the medical record, only to his own testimony or to the ALJ's decision.  [*Id.*].  Indeed, Spiteri's argument that the ALJ failed to incorporate any non-exertional limitations (besides being untrue) fails even to identify what specific limitations the ALJ supposedly omitted.  [*Id.*, PgID 796].

Spiteri's almost complete lack of argument development renders the majority of his arguments waived. [3]  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)

---

[3] The Court draws attorney Joshua L. Moore's attention to *Fielder v. Comm'r of Soc. Sec., No.* 13-10325, 2014 WL 1207865, at *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J), in which a Social Security attorney improperly "invit[ed] the Judges of this District to formulate arguments and search the record on his clients' behalf."  The Honorable Gerald E. Rosen, Chief Judge, "strongly cautioned" the offending attorney "that this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings."  *Id.*  Moore should heed this warning.

(citation and internal quotation marks omitted).[4]  However, there are two arguments that the Court finds sufficiently presented, and thus addresses these arguments below.

### A.    Limitation to Light Work

Spiteri argues that the ALJ's RFC is not actually an RFC to light work, but instead an RFC to sedentary work, because the ALJ restricts Spiteri to only occasional lifting with his upper extremities.  If Spiteri were limited to sedentary work, he would be rendered disabled according to the Medical-Vocational Guidelines (also known as "the grids"), due to his age.  *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 201.14 (person closely approaching advanced age with high school education and nontransferable skills rendered disabled where limited to sedentary work).

However, the ALJ did not apply the grids to this case.  Instead, since Spiteri's impairments did not exactly match any specific grid rule, the ALJ properly invited and relied on VE testimony to conclude that this RFC of a

---

[4] The Court nevertheless conducted a thorough review of the decision and medical record in this case and is satisfied that the ALJ's decision is procedurally sound and supported by substantial evidence of record. Particularly with regard to the imposition of additional limitations, the ALJ acknowledged Spiteri's subjective allegations and found him less than fully credible in light of contrary statements he had made to his treating providers about his daily activities and the relief he received from conservative treatments.  [R. 12-2, Tr. 20-23; R. 12-7, Tr. 360; R. 12-10, Tr. 652].  The ALJ properly included all credible limitations in his RFC and, as noted above, Spiteri does not identify any improperly omitted limitations.

limited-range of light work nevertheless led to a significant number of jobs that Spiteri could still perform. *See Wright v. Massanari*, 321 F.3d 611, 615-16 (6th Cir. 2003) (ALJ did not err in relying on VE testimony to find that claimant with hand impairment could perform limited range of light work with claimant's characteristics did not exactly match those in grid rules). Furthermore, Spiteri's inability to fully use his right hand actually *precludes* placing him in the sedentary work category. *Wright*, 321 F.3d at 616. As noted in *Wright*, while individuals with an upper extremity impairment "might be unable to perform all of the jobs in the light-work category . . . 'these individuals would generally not be expected to perform sedentary work because most unskilled sedentary jobs require good use of both hands.'" *Id.* (quoting SSR. 83-12, 1983 WL 31253, at *4 (1983)). The ALJ did not err in issuing an RFC for a limited range of light work and in relying on the VE's testimony about the work available to a hypothetical claimant matching that profile.

### B.    Mechanical Application of the Grids

Spiteri alternatively argues that the ALJ erred in mechanically applying the grids to his case, resulting in a finding that would have been different if it had been rendered only a few months later, when Spiteri turned fifty-five years old. The grids state that a claimant who is fifty-five or

older, who has no transferrable skills, is automatically classified as disabled if their RFC limits them to light work or less.  20 C.F.R. Pt. 404, Subpt P, Appx. 2 § 202.06.  The grids also state that the age categories should not be mechanically applied in "borderline situations," and that the Commissioner had the discretion to "consider whether to use the older age category after evaluating the overall impact of all the factors of your case." 20 C.F.R. § 404.1563(b).

However, Spiteri is mistaken that the ALJ's decision not to apply the older age category in this instance constitutes "legal error" because the regulations do not "impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case."  *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008) (emphasis in original).  Nor do the regulations require ALJs "to address a claimant's borderline age situation in [their] opinion or explain [their] thought process in arriving at a particular age-category determination."  *Id.*

The *Bowie* court acknowledged that, while not binding, the guidance of the Hearings, Appeals and Litigation Law Manual of the Social Security Administration ("HALLEX"), was informative.  *Id.* at 397 (citing *Application of the Medical-Vocational Guidelines in Borderline Age Situations*, Soc. Sec. Admin. Office of Hearings and Appeals, HEARINGS, APPEALS AND

Litigation Law Manuel (HALLEX) II-5-3-2.  The HALLEX cites "additional

vocational adversities" to consider when deciding whether to apply the

higher age category, including a marginal ability to communicate in English

or a history of work experience in an unskilled job in one isolated industry

or work setting.  *Bowie*, 539 F.3d at 397-98, 400 (citing HALLEX II-5-3-2).

Absent these or similar factors, the ALJ "will use the claimant's

chronological age – even when the time period is only a few days."  *Id.* at

400 (citing HALLEX I-1-0-2-).

Here, Spiteri does not allege that he suffers from any additional

vocational adversities that could justify using the higher age category.  Nor

does the record itself demonstrate the presence of such adversities.

Instead, Spiteri's argument is based solely on the proximity between the

date of the ALJ's decision and his fifty-fifth birthday.  However, the Sixth

Circuit has clearly held that this proximity alone is insufficient to trigger an

ALJ's duty to explain the use of the lower age category.  *Id.* at 400-403.

The ALJ committed no error.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Spiteri's

Motion for Summary Judgment **[R. 15]** be **DENIED**, the Commissioner's

Motion **[R. 17]** be **GRANTED** and this case be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 9, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after

12

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager